UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ASSEMBLY POINT AVIATION, INC.,

    -against-                 Plaintiff

                                             Case No.:  1:13-CV-0298 (FJS/RFT)

RICHMOR AVIATION, INC. and
MAHLON W. RICHARDS,

                         Defendants.
_____

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

                                            **Tabner, Ryan and Keniry, LLP**
                                            18 Corporate Woods Boulevard
                                            Suite 8
                                            Albany, NY  12211
                                            Attorneys for Defendants
                                            Richmor Aviation, Inc. and
                                            Mahlon W. Richards

**Table of Contents**

POINT I:   THE COURT SHOULD DISMISS THE COMPLAINT............................................1

   A. The Complaint is Time Barred......................................................................1

   B. The Complaint Fails to State a Claim...........................................................2

   C. Plaintiff Failed to Join Necessary Parties
      Whose Joinder Would Destroy Complete Diversity............................7

CONCLUSION.................................................................................................................8

Defendants Richmor Aviation, Inc. ("Richmor") and Mahlon W. Richards ("Richards") submit this reply memorandum of law in further support of their motion to dismiss the Complaint. As for any issues not addressed herein, Defendants respectfully refer the Court to their memorandum of law.

## Reply Argument

### POINT I:   THE COURT SHOULD DISMISS THE COMPLAINT

A. The Complaint is Time Barred

In their memorandum of law, Defendants asserted numerous grounds to dismiss the Complaint. Among other reasons, Defendants explained that Plaintiff's claims are time barred.

In opposition, Plaintiff apparently concedes that any challenges to the October 2006 invoice (e.g., improper billing/invoicing and crediting SFA for hours flown by other chartering parties) are time barred. (Plaintiff's Memorandum of Law, at 4.)  Plaintiff, nonetheless, asserts that its remaining claims are timely.  As explained in Defendants' memorandum of law, Plaintiff's argument lacks merit.

Plaintiff waited to assert its claims until eight years after the SFA-Richmor relationship ended in 2005.  Plaintiff's conduct has prejudiced Defendants, in that Richmor has since signed a confidentiality agreement and any evidence regarding the claims is now likely stale.

1

Moreover, Plaintiff cannot rely on its other claims to extend the statute of limitations period beyond the period applicable for its contract claim, as those claims are duplicative of the contract claim.  Accordingly, the Court should dismiss the claims as time barred.

B. <u>The Complaint Fails to State a Claim</u>

Defendants also explained in their memorandum of law that Richmor has already "remit[ed] 85% of the charter rate <u>per hour flown</u> on [the subject] Aircraft" (Lease § 5.3(emphasis added)) and that Plaintiff has no contractual basis to claim any additional payment for any unused flight time.  In fact, Plaintiff cannot cite a single writing that references Plaintiff's alleged right to recover for unused flight time.

In opposition, Plaintiff asserts that the payment terms of the Lease are ambiguous.  Plaintiff also argues that Defendants ignore the phrase "charter rate" which references the hourly rate per "Flight Hour." (Plaintiff's Memorandum of Law, at 6 (referencing Lease § 2.3).)  These arguments lack merit.

Section 5.3 of the Lease unambiguously provides that Richmor was to "remit 85% of the charter rate <u>per hour flown</u> on Owner's Aircraft."  The terms could hardly be clearer.  This provision clearly limited Plaintiff's right to payment for only

2

hours flown.  Stated otherwise, Richmor did not agree to remit any funds for any hours not flown.

Moreover, the definition of "Flight Hour" for the Lease and Management Agreement further undermines Plaintiff's arguments. "Flight Hour" is defined in the Management Agreement in terms of the actual hours flown rather than the hours not actually flown. (Quinn Aff, Ex. C, Management Agreement § 1.1 ("'**Flight Hour'** shall mean the time from take-off to landing (i.e., wheels-up to wheels-down)…").)

Most tellingly, Plaintiff permitted the Lease to renew on a yearly basis during the SFA transaction without even suggesting any modification to the payment provision.  (Lease § 2.1.)  This conduct alone evidences the baseless nature of Plaintiff's claim and justifies dismissal of the claims.

Plaintiff also argues that it would have had no reason to agree to make its plane available for the SFA transaction absent the minimum guarantee.  This argument also lacks merit.

The transaction provided Plaintiff with the potential to receive substantial funds for the hours actually flown, and Plaintiff indisputably received substantial funds for the actual hours flown.  Plaintiff also indisputably received additional funds during the SFA transaction when Richmor chartered the subject plane to third parties.  Moreover, Plaintiff

3

indisputably did not attempt to terminate the Lease or to renegotiate the terms of Section 5.3 of the Lease at any time during the SFA transaction.

Critically, if the right to receive payment for a minimum guarantee was essential to Plaintiff's bargain, Plaintiff should have compiled with the parol evidence rule and statute of frauds.  Further, as explained in Defendants' memorandum of law, even if the parol evidence rule and statute of frauds do not bar Plaintiff's claim, Plaintiff also fails to allege that the parties had a meeting of the minds on the essential terms, such as the percentage distribution of a settlement, the inclusion/exclusion of interest, the payment of litigation expenses, the due date for payment, and the risk of loss in the event of non-payment on the minimum guarantee.  In short, the terms, as alleged, are indefinite and unenforceable.

Moreover, the alleged oral representations made after the SFA transaction ended cannot state a claim, as Plaintiff fails to allege that Defendants received any consideration for the alleged "deal" that the parties made.  Plaintiff also does not explain how any such "deal" (done secretly in the absence of counsel during litigation and providing Defendants with nothing other than the burden of having to participate in the state court litigation on their own) could be enforceable.  Indeed,

4

the Lease expressly prohibited oral modifications and required communications to be in writing. (Lease §§ 9.1; 12.1; 12.7.) Plaintiff's admitted failure to comply with these provisions renders its claims as untenable.

Further, Plaintiff erroneously asserts that Defendants cannot rely on N.Y. C.P.L.R. Sections 4547 and 2104 as an additional basis for dismissal. Plaintiff, however, cites inapplicable case law that does not discuss these provisions and, in any event, ignores that these principles are both rules of evidence and substantive law. For example, these rules require settlement of claims to be in writing to be enforceable and therefore any alleged oral discussions simply cannot state a plausible claim.

Further, Plaintiff erroneously attempts to impose obligations on Defendants beyond the terms of the Lease and Management Agreements. Specifically, Plaintiff asserts that Defendants acted as its fiduciaries during the SFA litigation. However, these documents do not reference any obligation for Defendants to act as fiduciaries and nothing precluded Plaintiff from intervening in the litigation or even sending a letter to Defendants' counsel during it. Plaintiff also does not even allege that it informed Defendants at any time that it considered them as its fiduciaries.

Further, contrary to Plaintiff's assertion, these documents did not "bestow[] upon Defendants the <u>sole</u> responsibility for billing and collection of all charter revenues…" (Plaintiff's Memorandum of Law, at 14.)  In fact, one of the Defendants was not even a party to these documents and, in any event, the Lease did not use the word "sole" in terms of billing and collecting. (Lease § 5.1.) In contrast, it used this term "solely" for specific other matters, namely, for the collection and payment of certain taxes and expenses, which are not at issue in this case. (Lease § 5.1.)

Further, as explained in Defendants' memorandum of law, Plaintiff's remaining claims are duplicative.  In addition, the remaining claims are not alternative theories.  Rather, such claims depend entirely on the validity of the breach of contract claim.  For example, without the underlying contractual right to the funds, Plaintiff cannot demonstrate any legal duty, reliance, or injury, among other things, to support its claims. Indeed, the only legal duty alleged relates solely to the terms of the Lease.  Moreover, considering the no-oral modification clause and merger clause of the Lease, Plaintiff's remedy, if any, must come from the express terms of the parties' agreements and cannot be based on any alternative theories.  Further, as the state court action concerned hours not flown on the subject

plane, it cannot be said that Plaintiff has suffered any injury (e.g., wear and tear on its plane) in connection with any such alternative theories.

### C. Plaintiff Failed to Join Necessary Parties Whose Joinder Would Destroy Complete Diversity

Defendants also asserted in their memorandum of law that Plaintiff failed to join necessary parties whose joinder would destroy complete diversity.

In opposition, Plaintiff challenges the sworn statements of Defendants' counsel about the terms of the confidentiality agreement. This argument lacks merit. In fact, Defendants' counsel quoted the relevant terms of the confidentiality agreement under oath. (Quinn Aff, Paragraph 12.)

Moreover, Plaintiff does not dispute that the joinder of the absent parties would destroy complete diversity. Rather, Plaintiff apparently assumes that SFA was a Delaware Corporation and that only SFA was a party to the confidentiality agreement. These assumptions are erroneous and reflect the inability of the parties to effectively communicate and understand each other in this action based on the confidentiality agreement.

Defendants also should not have to endure the associated litigation costs with commencing a separate action in state court during this pending action or the risk associated with a possible claim for rescission of the entire settlement

7

agreement. In fact, unless and until Plaintiff seeks to modify the provisions, Defendants intend to refuse to discuss the underlying SFA cases or provide any related documents based on confidentiality. This will indisputably affect any discovery.

Further, the absence of the other parties to the confidentiality agreement also hinders Defendants' defense. For example, the appellate record from the state court case contains documents that would support additional grounds for the summary dismissal of this action as well as a motion for sanctions against Plaintiff. However, given the confidentiality agreement, Defendants have not yet raised such grounds or sought sanctions.

Further, as explained in Defendants' memorandum of law, only Plaintiff is to blame for these circumstances, as it previously failed to inform Defendants' attorneys of its alleged rights during the state court case.

## Conclusion

Defendants respectfully request that the Court dismiss the Complaint in its entirety, and grant such other and further relief as the Court deems just and proper.

Dated:   June 6, 2013
         Albany, New York

                                      **TABNER, RYAN AND KENIRY, LLP**

                                      **s/ Brian M. Quinn**
Brian M. Quinn, Esq.
Bar No.: 516452
*Attorney for Defendants,*
  *Richmor Aviation, Inc. and*
  *Mahlon W. Richards*
18 Corporate Woods Blvd.
Albany, New York 12211
Telephone: (518) 465-9500
Facsimile: (518) 465-5112
bmq@trklaw.com

9

**CERTIFICATE OF SERVICE**

I, Brian M. Quinn, Esq., declare under penalty of perjury that I have served a copy of the attached Reply Memorandum of Law upon all of the attorneys of record via ECF and United States mail on June 6, 2013, to the following:

> John J. Henry, Esq.
> Robert S. Rosborough IV, Esq.
> Whiteman Osterman & Hanna LLP
> One Commerce Plaza
> Albany, New York 12260

Dated:  June 6, 2013
        Albany, New York

> s/ Brian M. Quinn
> Brian M. Quinn, Esq.
> Bar No.: 516452
> *Attorney for Defendants,*
>   *Richmor Aviation, Inc. and*
>   *Mahlon W. Richards*
> Tabner, Ryan and Keniry, LLP
> 18 Corporate Woods Blvd.
> Albany, New York 12211
> Telephone: (518) 465-9500
> Facsimile: (518) 465-5112
> bmq@trklaw.com