UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ASSEMBLY POINT AVIATION, INC.

                                  Plaintiff,

   -against-

RICHMOR AVIATION, INC. and
MAHLON W. RICHARDS,

                              Defendants.
_____

**ANSWER**

Case No.:  1:13-CV-0298 (FJS/RFT)

     Defendant, Mahlon W. Richards ("Richards"), by and through his attorneys, Tabner, Ryan and Keniry, LLP, respectfully states that Claims 2-5 have been dismissed and therefore no answer is required from him, as Plaintiff and Richards indisputably had no contractual relationship and Plaintiff's sole remaining claim (breach of contract) is asserted solely against Defendant, Richmor Aviation, Inc. ("Richmor").

     Richmor, by and through its attorneys, Tabner, Ryan and Keniry, LLP, respectfully states that Claims 2-5 have been dismissed and therefore no answer is required for allegations 76 to 112.  As and for an Answer to the remaining allegations in the Complaint in this matter, Richmor respectfully states as follows:

1. Admits that Assembly Pointe Aviation, Inc. was the purported owner of the aircraft and that Assembly Pointe Aviation, Inc. and Richmor were parties to a written Lease; directs all questions of law and contract interpretation to the Court; refers the Court to any written agreements, which speak for themselves; and otherwise generally denies the remaining allegations of Paragraph 1 of the Complaint.

1

2. Admits that Richmor entered into an agreement with a third party; directs all questions of law and contract interpretation to the Court; refers the Court to any documents from any state court proceedings and any written agreements, which speak for themselves; and otherwise generally denies the remaining allegations of Paragraph 2 of the Complaint.

3. Admits that Richmor sought payment from SFA based on an agreement between Richmor and SFA to which Plaintiff was not a party and that Richards is Richmor's president and owner; and otherwise generally denies the remaining allegations of Paragraph 3 of the Complaint.

4. Admits that Plaintiff did not seek to intervene in the litigation or to inform counsel of record that it had any alleged claims; lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 4 of the Complaint regarding Plaintiff's consent and knowledge; and otherwise generally denies the remaining allegations of Paragraph 4 as vague.

5. Neither admits nor denies the allegations of Paragraph 5 of the Complaint based on a confidentiality agreement; lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 5 regarding Plaintiff's knowledge; and otherwise denies generally the allegations of Paragraph 5 as vague.

6. Denies the allegations of Paragraph 6 and further states that no funds are owed to Plaintiff.

7. Denies generally the allegations of Paragraph 7 of the Complaint; further states that the allegations are vague and that no funds are owed to Plaintiff; directs all questions

of law and contract interpretation to the Court; and refers the Court to any and all written agreements, which speak for themselves.

8. Lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 8 of the Complaint.

9. Admits the allegations in Paragraph 9 of the Complaint.

10. Admits the allegations in Paragraph 10 of the Complaint.

11. Denies the allegations of Paragraph 11 of the Complaint and lacks sufficient knowledge or information to determine the truth of the second sentence of Paragraph 11.

12. Admits the allegations of Paragraph 12 of the Complaint.

13. Admits the allegations of Paragraph 13 of the Complaint.

14. Denies the allegations of Paragraph 14 of the Complaint.

15. Lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 15 of the Complaint except admits that Defendants reside in the District.

16. Admits that Assembly Pointe Aviation, Inc. purportedly owns the aircraft; directs all questions of law to the Court; and refers the Court to any written agreements, which speak for themselves.

17. Admits that Assembly Pointe Aviation, Inc. and Richmor were parties to a written Lease and Management Agreement; directs all questions of law and contract interpretation to the Court; refers the Court to any written agreements, which speak for themselves; and otherwise denies generally the allegations of Paragraph 17 of the Complaint.

18. Admits that Assembly Pointe Aviation, Inc. and Richmor were parties to a written Lease and Management Agreement; directs all questions of law and contract interpretation to the Court; refers the Court to any written agreements, which speak for themselves; and otherwise denies generally the allegations of Paragraph 18 of the Complaint.

19. Admits that Assembly Pointe Aviation, Inc. and Richmor were parties to a written Lease and Management Agreement; directs all questions of law and contract interpretation to the Court; refers the Court to any written agreements, which speak for themselves; and otherwise denies generally the allegations of Paragraph 19 of the Complaint.

20. Denies the allegations of Paragraph 20 of the Complaint; directs all questions of law and contract interpretation to the Court; and refers the Court to any written agreements, which speak for themselves.

21. Denies generally the allegations of Paragraph 21 of the Complaint; further states that the subject allegations are vague; directs all questions of law and contract interpretation to the Court; and refers the Court to any written agreements, which speak for themselves.

22. Admits that Assembly Pointe Aviation, Inc. provided any required consents and was provided with substantial charter revenue for the use of the airplane for hours actually flown; and otherwise denies the remaining allegations of Paragraph 22 of the Complaint.

23. Admits that Richmor entered into a contractual relationship with SFA to which Plaintiff was not a party; directs all questions of law and contract interpretation to the Court; and refers the Court to any written agreements, which speak for themselves.

24. Admits that Assembly Pointe Aviation, Inc. consented to the charter rate of $4,900 per actual flight hour flown and that Richmor entered into a contractual relationship with SFA; directs all questions of law and contract interpretation to the Court; refers the Court to any written agreements, which speak for themselves; and otherwise denies generally the allegations of Paragraph 24 of the Complaint..

25. Admits that Richmor entered into a contractual relationship with SFA to which Plaintiff was not a party; directs all questions of law and contract interpretation to the Court; and refers the Court to any written agreements, which speak for themselves.

26. Admits that Richmor entered into a contractual relationship with SFA and that the relationship (whether contractual or otherwise) extended until January 2005 (as determined by the state courts); directs all questions of law and contract interpretation to the Court; and refers the Court to any written agreements, which speak for themselves.

27. Admits that Richmor entered into a contractual relationship with SFA; that the relationship (whether contractual or otherwise) extended until January 2005 (as determined by the courts of the State of New York); that Richmor sent invoices to SFA regarding any and all airplanes used by SFA; that SFA paid certain invoices; that any and all monies due to Plaintiff were remitted to it; and that no remaining sums are due to Plaintiff; directs all questions of law and contract interpretation to the Court;

and refers the Court to any written agreements and any other referenced documents, which speak for themselves.

28. Admits that Richmor used the subject airplane for other customers during this time period, with any and all required consents; directs all questions of law and contract interpretation to the Court; and refers the Court to any written agreements and the state court documents, which speak for themselves; and otherwise denies the allegations of Paragraph 28 of the Complaint as vague.

29. Denies the allegations of Paragraph 29 of the Complaint.

30. Neither admits nor denies the allegations of Paragraph 30 of the Complaint based on a confidentiality agreement; lacks sufficient personal knowledge to confirm the truth of the allegations; and refers the Court to the documents from the state court litigation, which speak for themselves.

31. Denies generally the allegations of Paragraph 31 of the Complaint and otherwise lacks sufficient knowledge or information to determine the truth of the allegations.

32. Admits that the subject number was changed; denies that Plaintiff was "forced" to re-register; further states that any notoriety resulted from Plaintiff's own conduct; and otherwise denies generally the allegations of Paragraph 32 of the Complaint as vague.

33. Denies that the SFA-Richmor relationship extended into May 2005 (based on the state court determinations); refers the Court to the underlying state court decisions; admits that Richmor attempted to collect on an unpaid invoice(s); and lacks sufficient personal knowledge or information to determine the truth of the allegations in Paragraph 33 of the Complaint regarding Plaintiff's knowledge.

34. Admits that Richmor provided an invoice to SFA in 2006 and refers the Court to the subject invoice, which speaks for itself.

35. Denies the allegations in Paragraph 35 of the Compliant; directs all questions of law to the Court; and refers the Court to any written agreements and judicial determinations, which speak for themselves.

36. Denies that any amounts were owed or were to be remitted to Plaintiff; admits that Plaintiff did not consult with or notify Richmor of its alleged claim; lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 36 of the Complaint regarding Plaintiff's knowledge; and otherwise denies generally the allegations as vague.

37. Neither admits nor denies the allegations of Paragraph 37 of the Complaint based on a confidentiality agreement.

38. Neither admits nor denies the allegations of Paragraph 38 of the Complaint based on a confidentiality agreement and refers the Court to any and all pleadings and papers filed in the state court.

39. Denies the allegations in Paragraph 39 of the Complaint, except admits that Plaintiff was not named as a party and did not inquire about any lawsuits at or around that time, as it was owed no money; further states that Plaintiff had constructive knowledge of the lawsuit; lacks sufficient personal knowledge or information to determine the truth of the allegations regarding Plaintiff's knowledge; and otherwise denies generally the allegations as vague.

40. Denies generally the allegations of Paragraph 40; further states that none of the alleged communications involved any admissions as to liability or promises to pay or share any litigation proceeds; and otherwise denies generally the allegations as vague.

41. Denies generally the allegations of Paragraph 41 of the Complaint.

42. Denies generally the allegations of Paragraph 42 of the Complaint.

43. Neither admits nor denies the allegations of Paragraph 43 of the Complaint based on a confidentiality agreement and refers the Court to the Judgment, which speaks for itself.

44. Denies generally the allegations of Paragraph 44 of the Complaint, except admits that the Third Department modified the Judgment; and refers the Court to the Order of the Third Department, the appellate record and any other papers filed in connection with the underlying action, which speak for themselves.

45. Neither admits nor denies the allegations of Paragraph 45 of the Complaint based on a confidentiality agreement and refers the Court to the state court records, which speak for themselves.

46. Admits that Richmor had no obligation to consult with, or even notify, Plaintiff of its legal efforts to enforce the Judgment; states that Plaintiff did not consult with, or even inquire, about any such enforcement efforts; and otherwise denies generally the allegations of Paragraph 46 of the Complaint.

47. Denies generally the allegations in Paragraph 47 of the Complaint and further states that none of the alleged communications involved any admissions as to liability or promises to pay or share any litigation proceeds.

48. Denies generally the allegations in Paragraph 48 of the Complaint and further states that none of the alleged communications involved any admissions as to liability or promises to pay or share any litigation proceeds.

49. Neither admits nor denies the allegations of Paragraph 49 of the Complaint based on a confidentiality agreement; further refers the Court to the state court records, which speak for themselves; and denies generally the allegations as vague.

50. Neither admits nor denies the allegations of Paragraph 50 of the Complaint based on a confidentiality agreement and refers the Court to the state court records, which speak for themselves.

51. Admits that Richmor had no obligation to consult with, or even notify, Plaintiff of its legal efforts to enforce the Judgment; states that Plaintiff did not consult with, or even inquire, about any such enforcement efforts; and otherwise denies generally the allegations of Paragraph 51 of the Complaint.

52. Denies that Richmor owed any money to Plaintiff; further states that it neither admits nor denies the allegations of Paragraph 52 of the Complaint based on a confidentiality agreement; and otherwise denies generally the subject allegations as vague.

53. Denies that Richmor owed any money to Plaintiff; states that Plaintiff did not consult with Richmor, or inquire about this matter; and otherwise denies generally the allegations in Paragraph 53 of the Complaint as vague.

54. Neither admits nor denies the allegations of Paragraph 54 of the Complaint based on a confidentiality agreement.

55. Admits that Richmor did not discuss the subject matter with Plaintiff and that Richmor did not remit any alleged settlement proceeds to Plaintiff, as Plaintiff was

neither entitled nor owed any of the litigation proceeds; and otherwise generally denies the allegations in Paragraph 55 of the Complaint as vague.

56. Admits that Richmor did not discuss the subject matter with Plaintiff and that Richmor did not remit any alleged settlement proceeds to Plaintiff, as Plaintiff was neither entitled nor owed any of the litigation proceeds; and otherwise generally denies the allegations in Paragraph 56 of the Complaint as vague.

57. Admits that Richmor at some point in time learned that the subject Lease would be terminated and that it was subsequently terminated at some point in time; and further directs all questions of law and contract interpretation to the Court; and otherwise generally denies the allegations in Paragraph 57 of the Complaint as vague.

58. Admits that Richmor did not discuss the subject matter with Plaintiff and that Richmor did not remit any alleged settlement proceeds to Plaintiff, as Plaintiff was neither entitled nor owed any of the litigation proceeds; and otherwise denies generally the allegations in Paragraph 58 of the Complaint as vague.

59. Admits that Richmor did not discuss the subject matter with Plaintiff and that Richmor did not remit any alleged settlement proceeds to Plaintiff, as Plaintiff was neither entitled nor owed any of the litigation proceeds; and otherwise denies generally the allegations in Paragraph 59 of the Complaint as vague.

60. Admits that Richmor did not discuss the subject matter with Plaintiff and that Richmor did not remit any alleged settlement proceeds to Plaintiff, as Plaintiff was neither entitled nor owed any of the litigation proceeds; and otherwise generally denies the allegations in Paragraph 60 of the Complaint as vague.

61. Admits that Richmor did not discuss the subject matter with Plaintiff and that Richmor did not remit any alleged settlement proceeds to Plaintiff, as Plaintiff was not entitled to any of the litigation proceeds; lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 61 of the Complaint regarding Plaintiff's knowledge; and otherwise denies generally the allegations in Paragraph 61 as vague.

62. Denies the allegations of Paragraph 62 of the Complaint.

63. Admits that none of the settlement funds have been remitted to Plaintiff and denies that any such funds are required to be remitted under the express terms of the Lease.

64. Admit that Plaintiff demanded that the settlement funds be remitted to it and denies that Plaintiff previously possessed the funds and that any funds were owed to it.

65. Denies generally the allegations of Paragraph 65 of the Complaint as vague; states that Richmor has responded by informing Plaintiff that Plaintiff is neither owed any funds nor entitled to any such funds.

66. Repeats and re-states all of the allegations in Paragraphs 1 to 65 of this Answer.

67. Admits that Assembly Pointe Aviation, Inc. and Richmor entered into a written lease agreement; directs all questions of law and contract interpretation to the Court; refers the Court to the lease and management agreements, which speak for themselves; and otherwise denies generally the allegations of Paragraph 67 of the Complaint.

68. Admits that Richmor and SFA entered into a contractual relationship and that the relationship (whether contractual or otherwise) continued until January 2005 (as determined by the state courts) and otherwise refers the Court to the subject written agreement and state court proceedings, which speak for themselves.

69. Denies the allegations of Paragraph 69 of the Complaint.

70. Denies the allegations of Paragraph 70 of the Complaint.

71. Neither admits nor denies the allegations of Paragraph 71 of the Complaint based on a confidentiality agreement; further states that Plaintiff has no legal right to obtain any portion of any such funds; and otherwise denies generally the allegations of Paragraph 71.

72. Denies the allegations of Paragraph 72 of the Complaint.

73. Denies the allegations of Paragraph 73 of the Complaint.

74. Denies the allegations of Paragraph 74 of the Complaint.

75. Denies the allegations of Paragraph 75 of the Complaint.

76. Because the remaining allegations have been dismissed, no response is required for any of the allegations of Paragraphs 76 to 112 of the Complaint.

77. Denies any and all allegations not expressly admitted herein.

As and for Defenses to the sole remaining Claim asserted in the Complaint (First Claim), Richmor asserts the following Defenses:

### FIRST DEFENSE:

78. This Court lacks jurisdiction over the subject matter of this action.

### SECOND DEFENSE:

79. Plaintiff failed to join necessary and indispensible parties.

### THIRD DEFENSE:

80. The statute of limitations bars this action.

### FOURTH DEFENSE:

81. The Complaint fails to state a claim upon which relief may be granted.

FIFTH DEFENSE:

82. The Claim is barred and may not be maintained because of the parol evidence rule.

SIXTH DEFENSE:

83. The Claim is barred and may not be maintained because of the no-oral modification provision and the statute of frauds, including but not limited to N.Y. Gen. Oblig. Law §§ 5-701(a)(1)-(2)&(10); 15-301; and 17-101 and N.Y. U.C.C. §§ 2-A-201 & 2-A-208.

SEVENTH DEFENSE:

84. The Claim is barred and may not be maintained because of the doctrine of waiver.

EIGHTH DEFENSE:

85. The Claim is barred and may not be maintained because of the doctrines of account stated, payment, accord and satisfaction, and/or release.

NINTH DEFENSE:

86. The Claim is barred and may not be maintained because of the doctrines of equitable and promissory estoppel, unclean hands, and laches.

TENTH DEFENSE:

87. The Claim is barred and may not be maintained because of Fed. R. Evid. 408 and N.Y. C.P.L.R. §§ 4547 and 2104.

ELEVENTH DEFENSE:

88. The Claim is barred and may not be maintained because of vagueness, indefiniteness, and failure/lack of consideration.

TWELFTH DEFENSE:

89. The Claim is barred and may not be maintained because of the lack of any meeting of the minds on the material terms alleged by Plaintiff.

THIRTEENTH DEFENSE:

90. The Complaint should be dismissed based on the doctrines of abstention and *forum non conveniens*.

FOURTEENTH DEFENSE:

91. Plaintiff lacks standing and legal capacity to sue.

FIFTEENTH DEFENSE:

92. The claim is barred and may not be maintained because of the doctrines of collateral estoppel and res judicata.

SIXTEENTH DEFENSE:

93. The Claim may not be maintained based on Plaintiff's failure to comply with the terms of the written agreements, including the provision requiring all communications to be in writing.

SEVENTEENTH DEFENSE:

94. The Claim is barred and may not be maintained because of the doctrine of unjust enrichment.

EIGHTEENTH DEFENSE:

95. The Claim is barred and may not be maintained because of Plaintiff's failure to (1) intervene in the state court litigation, (2) timely notify the attorneys of record in the state court litigation of its alleged claim, and (3) litigate its allege claim in the state court litigation.

<u>NINTEENTH DEFENSE</u>:

96. Plaintiff cannot establish a claim upon which relief may be granted.

<u>TWENTIETH DEFENSE</u>:

97. The Complaint is frivolous.

**WHEREFORE** Defendant Richmor Aviation, Inc. asks this Court to dismiss the Complaint in its entirety and enter judgment in favor of Defendants.

Dated:  July 8, 2013
       Albany, New York

TABNER, RYAN AND KENIRY, LLP

<u>**s/ Brian M. Quinn**</u>
Brian M. Quinn, Esq.
Bar No.: 516452
*Attorney for Defendants,*
 *Richmor Aviation, Inc. and*
 *Mahlon W. Richards*
18 Corporate Woods Blvd.
Albany, New York 12211
Telephone: (518) 465-9500
Facsimile: (518) 465-5112
bmq@trklaw.com

## CERTIFICATE OF SERVICE

I, Brian M. Quinn, Esq., declare under penalty of perjury that I have served a copy of the attached **Answer** upon all of the attorneys of record via ECF and United States mail on July 8, 2013, to the following:

>John J. Henry, Esq.
>Robert S. Rosborough IV, Esq.
>Whiteman Osterman & Hanna LLP
>One Commerce Plaza
>Albany, New York 12260

Dated: July 8, 2013
    Albany, New York

>**s/ Brian M. Quinn**
>Brian M. Quinn, Esq.
>Bar No.: 516452
>*Attorney for Defendants,*
>  *Richmor Aviation, Inc. and*
>  *Mahlon W. Richards*
>Tabner, Ryan and Keniry, LLP
>18 Corporate Woods Blvd.
>Albany, New York 12211
>Telephone: (518) 465-9500
>Facsimile: (518) 465-5112
>bmq@trklaw.com