**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ASSEMBLY POINT AVIATION, INC.,

                              Plaintiff,

         - v -                                                     Civ. No. 1:13-CV-298
                                                                      (FJS/RFT)

RICHMOR AVIATION, INC.; MAHLON W. RICHARDS,

                              Defendants.

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## DISCOVERY ORDER

On January 6, 2014, Defendants' counsel submitted a Letter-Motion to the Court regarding various discovery disputes that have arisen in this breach of contract action. Dkt. No. 29. Plaintiff responded to that Letter-Motion on January 7, 2014, Dkt. No. 30, and Defendants filed a Reply on January 8, 2014, Dkt. No. 32. On January 15, 2014, the Court held a telephone conference on the record regarding the various disputes and made certain rulings which are incorporated into this Discovery Order and are summarized as follows:

*1. Depositions.* The Parties agreed to work out the scheduling and venue of depositions of witnesses.

*2. Extension of Scheduling Order Deadlines.* The Court declines to extend the deadline by which the parties may amend their pleadings. Instead, with the passing of such deadline, the burden is elevated to good cause shown. The Court also finds the request to extend the discovery deadline, currently set for June 6, 2014, to be premature. In accordance with this District's Local Rules, the parties must, in good faith, meet and confer in an effort to resolve a non-dispositive issue, such as seeking to amend a pleading, on their own. If such issue cannot be resolved, the party seeking to

amend must first seek a conference with the Court.  N.D.N.Y.L.R. 7.1(b)(2).

*3. Demand for 2002-2005 Contracts*.  Plaintiff advises that nothing exists for that time period. Defendants may serve a Request to Admit that these documents don't exist.

*4. Plaintiff's Retention Policy*.  Plaintiff advises that there is no written policy, just a practice. Based upon what has been presented, the Court finds that the Plaintiff's retention policy is not relevant, however, Defendants are permitted to inquire at a deposition about the contours of this policy and what documents existed in the ordinary course of business that no longer exist because of this policy.  Plaintiff's counsel must also confer with his client to see if a greater list as to what documents existed can be provided.

*5. Third Parties*.  Plaintiff is to provide the identity of a third party, if one exists.  Defendants question whether Plaintiff withheld documents on the basis that they are in the possession, custody, control, etc., of a third party.  Plaintiff states that nothing is being withheld.  Defendants are permitted to serve a Request to Admit that Plaintiff is not withholding documents on the basis that it is outside of its custody or control.

*6. Financial Documents*.  The Court is not persuaded that financial documents, tax returns, accounting journals, and the like, as well as any other income stream regarding the plane, are relevant.

*7. Expense Reports*.  Plaintiff states that the only charges and costs associated with the subject plane are those generated by the Defendants and such have been made available to Defendants. Defendants may serve a Request to Admit that Plaintiff has no additional expenses relevant to this plane.

*8. Plaintiff's Bates Stamp 699, Email, dated Sept. 11, 2009*.  Plaintiff will turn over any additional

paperwork not already produced as referenced in this email.

9. *Emails and Text Messages*.  Plaintiff states that the email regarding its share of a state judgment was produced, however, the referenced text messages have been deleted from the phones. Defendants may serve a Request to Admit.

10. *Mediation*.  This case is now referred to the Court's Mandatory Mediation Program, with mediation to take place by May 9, 2014.  A separate order regarding the contours of this Mediation Program will follow.

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants' Letter-Motions, Dkt. Nos. 29 & 32, are **granted in part and denied in part** in accordance with this Discovery Order; and it is further

**ORDERED**, that this case is referred to the Court's Mandatory Mediation Program, with mediation to take place by May 9, 2014.  A separate Order to this effect will follow; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Discovery Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Date:   January 16, 2014
        Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge