# EXHIBIT 9

# TABNER, RYAN AND KENIRY, LLP

COUNSELORS AT LAW
18 CORPORATE WOODS BOULEVARD, STE. 8
ALBANY, NEW YORK 12211

)HN W. TABNER
'ILLIAM F. RYAN, JR.
'ILLIAM J. KENIRY*
RIC N. DRATLER**
RACY L. BULLETT
HOMAS R. FALLATI
ANA L. SALAZAR
RIAN M. QUINN***
ATRICIA A. URSPRUNG
EREK D. SELLMAN
YNN K. BLAKE

(Electronic Service Not Accepted)

518-465-9500

Telecopier 518-465-5112

800-713-7583

WILLIAM H. KENIRY
Retired Justice of the Supreme Court of the State of New York
of Counsel

LEGAL ASSISTANTS
LORI L. LUGG
APRIL L. SCHMICK

LSO ADMITTED IN THE STATE OF MASSACHUSETTS
ALSO ADMITTED IN THE STATE OF FLORIDA
*ALSO ADMITTED IN THE STATES OF CONNECTICUT & CALIFORNIA

May 1, 2014

<u>**Via Email and First Class Mail**</u>
Robert S. Rosborough IV, Esq.
John J. Henry, Esq.
Whiteman Osterman & Hanna LLP
One Commerce Plaza
Albany, New York 12260

**RE: Assembly Point Aviation, Inc. v. Richmor Aviation, Inc.
Civil Action No.: 1:13-CV-00298 (FJS-RFT); Our File No.: 26466**

Dear Counselors:

Please take notice that we intend to serve the two enclosed subpoenas. The subpoena directed to JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. will be served at JPMorgan's designated subpoena service location (7610 W. Washington St., Fl. 1, Indianapolis, IN 46231, Fax: (317) 757-7421). In addition, the JPMorgan Chase & Co. subpoena will be served on JP Morgan's agent via the N.Y. Secretary of State in Albany, New York (c/o CT Corporation System, 111 8th Avenue, 13th Floor, New York, New York 10011).

The subpoenas request documents to be produced at our law office (Tabner, Ryan and Keniry, LLP, 18 Corporate Woods Blvd., Albany, New York) on June 2, 2014 at 9:30 a.m., specifically certified copies of all documents pertaining to all open or closed loans to Assembly Point Aviation, Inc. (including loan number 1000131472) from 5/1/2002 to 1/1/2013, including but not limited to loan applications, financial statements, file notes and memos, balance sheets, contracts, correspondence, notes and accounts receivable or payable.

Very truly yours,

TABNER, RYAN AND KENIRY, LLP

Brian M. Quinn
bmq@trklaw.com

Enclosures

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

ASSEMBLY POINT AVIATION, INC.
*Plaintiff*
v.
RICHMOR AVIATION, INC.
*Defendant*

Civil Action No. 1:13-CV-0298 (FJS/RFT)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Certified copies of all documents pertaining to all open or closed loans to Assembly Point Aviation, Inc. (e.g., see attached) from 5/1/2002 to 1/1/2013, including but not limited to applications, financial statements, file notes/memos, balance sheets, contracts, correspondence, notes and accounts receivable or payable.

| Place: Tabner, Ryan and Keniry, LLP, 18 Corporate Woods Boulevard, Albany, New York 12211 (You may mail the requested materials to this address-Attn: Brian Quinn) | Date and Time: 06/02/2014 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/01/2014

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

Brian M. Quinn, Esq., Bar No. 516452
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, Richmor Aviation, Inc., who issues or requests this subpoena, are:

Brian M. Quinn, Esq., Tabner, Ryan and Keniry, LLP, 18 Corporate Woods Blvd., Albany, New York 12211

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CONSENT TO CHARTER MANAGEMENT CONTRACT AND AGREEMENT

Dated September 26, 2007

Loan Number: 1000131472

Lender: CHASE EQUIPMENT LEASING INC.

Borrower: ASSEMBLY POINT AVIATION, INC.

Charter Management Company: RICHMOR AVIATION INC.

Recitals:

A. Reference is made to the loan and security agreement and promissory note associated with the loan identified with the above Loan Number together with all exhibits, schedules, riders, guarantees and related documents will be referred to collectively as the "Loan Documents". "Aircraft" shall mean all of the aircraft described in Schedule A-1 hereto.

B. As the owner of the Aircraft, Borrower has entered into, or will enter into, the aircraft charter management agreement identified below ("Management Agreement") whereby Charter Management Company will, among other things, arrange for charter flights using the Aircraft with Borrower, affiliates of Borrower and third parties unrelated to Borrower.

"Management Agreement" means: ______________________ dated on or about ______________, 20_____ together with all exhibits, schedules and attachments thereto.

C. Borrower requests Lender's consent to Charter Management Company's use and operation of the Aircraft in the aircraft charter operations of Charter Management Company pursuant to the Management Agreement, and Lender is willing to give such consent, but only on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the agreements herein, the parties hereto agree as follows:

1. CHARTER MANAGEMENT COMPANY'S RIGHTS LIMITED. Borrower and Charter Management Company each acknowledges and agrees that Charter Management Company shall not now or at any time hereafter have any of the following: (a) any title to or ownership of the Aircraft; (b) any purchase option or other right to purchase the Aircraft; or (c) any lien or encumbrance on or security interest in the Aircraft.

2. SUBORDINATION OF CHARTER MANAGEMENT COMPANY'S RIGHTS. Charter Management Company agrees that during the term of the Loan Documents and any renewal, extension or amendment thereof, the rights of Charter Management Company in the Aircraft shall be subject and subordinate to the Loan Documents and the rights and remedies of Lender under the Loan Documents, in all respects and under all circumstances whatsoever, whether or not Charter Management Company is in default of this Agreement or the Management Agreement; provided, that the preceding subordination terms of this paragraph shall not be interpreted or construed as a subordination, suspension, termination or release of any compensation due and payable by Borrower to Charter Management Company under the Management Agreement.

3. BORROWER RETAINS DIRECT LIABILITY. Regardless of the use or operation of the Aircraft by the Charter Management Company and/or the performance or non-performance by Charter Management Company of any of its obligations under this Agreement or the Management Agreement, Borrower agrees that Borrower shall have absolute and unconditional direct liability for payment and performance of all obligations, agreements and indemnities of Borrower under the Loan Documents, including, without limitation, the obligation to pay all principal, interest and other amounts due or to become due under the Loan Documents directly to Lender.

4. PERIODIC INFORMATION. Charter Management Company agrees to provide information reasonably requested by Lender from time to time relating to the following in the previous twelve month period: (a) the use, operation or location of the aircraft outside of the United States; (b) the number of charter flights of the Aircraft by Borrower or by any affiliate of Borrower; and (c) the number of charter flights of the Aircraft by parties unrelated to Borrower or any affiliate of Borrower.

5. DEFAULT UNDER LOAN DOCUMENTS. Borrower agrees that any breach of any representation or warranty hereunder or any default or failure to perform any covenant or agreement hereunder by Borrower or Charter Management Company shall constitute an event of default under the Loan Documents.

6. NO SALE, NO LONG-TERM CHARTER, NO LIENS. Charter Management Company shall not, directly or indirectly: (a) assign, sell, transfer, or otherwise dispose of the Aircraft or any part thereof, or (b) enter into a charter contract or other charter arrangement that has a duration of 30 consecutive days or more, or (c) create, grant or assume any security interest in or any other lien or encumbrance on the Aircraft or any part thereof.

7. PART 135 CERTIFICATE. Charter Management Company agrees that it shall maintain at all times, a commercial operating certificate for air taxi or charter operations under Part 135 of the Federal Aviation Regulations (14 C.F.R Ch. 1, Parts 1.1 et. seq.).

8. BINDING ON SUCCESSORS AND ASSIGNS; HEADINGS; COUNTERPARTS. The representations, warranties, agreements and obligations of Borrower and Charter Management Company herein shall be binding upon Borrower and Charter Management Company and their respective successors and assigns, and shall inure to the benefit of Lender and its successors and assigns. Paragraph headings herein are for convenience only and have no independent meaning. This Agreement may be executed in multiple counterparts, all of which when taken together shall constitute a single agreement.

9. Charter Management Company acknowledges that it has received and reviewed a copy of the Loan and Security Agreement dated on or about the date of this Agreement (the "Loan Agreement") between Lender and Borrower and that it is familiar with the obligations of Borrower set forth in Sections 2.1 and 2.2 of the Loan Agreement (collectively, the "Section 2 Obligations"). While the Aircraft is in the control of Charter Management Company (including charter flights of the Aircraft by parties unrelated to Borrower): (a) Charter Management Company agrees to comply with the requirements of the Section 2 Obligations; and (b) notwithstanding anything to the contrary in the Loan Agreement, Lender agrees to accept the performance of the Section 2 Obligations by Charter Management Company on behalf of Borrower.

10. CONSENT. Notwithstanding anything to the contrary in the Loan Documents and subject to the terms and conditions of this Agreement, Lender consents to the use and operation of the Aircraft in the aircraft charter operations of Charter Management Company pursuant to the Management Agreement.

IN WITNESS WHEREOF, the parties hereto have caused their duly authorized representatives to execute and deliver this Agreement as of date first written above.

Borrower:
ASSEMBLY POINT AVIATION, INC.

By: [signature]

Title: CHAIRMAN

Lender:
CHASE EQUIPMENT LEASING INC.

By: ____________________

Title: ____________________

Charter Management Company:
RICHMOR AVIATION INC.

By: [signature]

Title: PRESIDENT

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

| | | |
|---|---|---|
| ASSEMBLY POINT AVIATION, INC. <br> *Plaintiff* <br> v. <br> RICHMOR AVIATION, INC. <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 1:13-CV-0298 (FJS/RFT) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: JPMORGAN CHASE & CO.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Certified copies of all documents pertaining to all open or closed loans to Assembly Point Aviation, Inc. (e.g., see attached) from 5/1/2002 to 1/1/2013, including but not limited to applications, financial statements, file notes/memos, balance sheets, contracts, correspondence, notes and accounts receivable or payable.

| Place: Tabner, Ryan and Keniry, LLP, 18 Corporate Woods Boulevard, Albany, New York 12211 (You may mail the requested materials to this address-Attn: Brian Quinn) | Date and Time: 06/02/2014 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/01/2014

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk*

Brian M. Quinn, Esq., Bar No. 516452

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, Richmor Aviation, Inc. , who issues or requests this subpoena, are:

Brian M. Quinn, Esq., Tabner, Ryan and Keniry, LLP, 18 Corporate Woods Blvd., Albany, New York 12211

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

CONSENT TO CHARTER MANAGEMENT CONTRACT AND AGREEMENT

Dated September 26, 2007

Loan Number: 1000131472

Lender: CHASE EQUIPMENT LEASING INC.

Borrower: ASSEMBLY POINT AVIATION, INC.

Charter Management Company: RICHMORE AVIATION INC.

Recitals:

A. Reference is made to the loan and security agreement and promissory note associated with the loan identified with the above Loan Number together with all exhibits, schedules, riders, guarantees and related documents will be referred to collectively as the "Loan Documents". "Aircraft" shall mean all of the aircraft described in Schedule A-1 hereto.

B. As the owner of the Aircraft, Borrower has entered into, or will enter into, the aircraft charter management agreement identified below ("Management Agreement") whereby Charter Management Company will, among other things, arrange for charter flights using the Aircraft with Borrower, affiliates of Borrower and third parties unrelated to Borrower.

"Management Agreement" means: ______________________________ dated on or about ______________, 20____ together with all exhibits, schedules and attachments thereto.

C. Borrower requests Lender's consent to Charter Management Company's use and operation of the Aircraft in the aircraft charter operations of Charter Management Company pursuant to the Management Agreement, and Lender is willing to give such consent, but only on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the agreements herein, the parties hereto agree as follows:

1. CHARTER MANAGEMENT COMPANY'S RIGHTS LIMITED. Borrower and Charter Management Company each acknowledges and agrees that Charter Management Company shall not now or at any time hereafter have any of the following: (a) any title to or ownership of the Aircraft; (b) any purchase option or other right to purchase the Aircraft; or (c) any lien or encumbrance on or security interest in the Aircraft.

2. SUBORDINATION OF CHARTER MANAGEMENT COMPANY'S RIGHTS. Charter Management Company agrees that during the term of the Loan Documents and any renewal, extension or amendment thereof, the rights of Charter Management Company in the Aircraft shall be subject and subordinate to the Loan Documents and the rights and remedies of Lender under the Loan Documents, in all respects and under all circumstances whatsoever, whether or not Charter Management Company is in default of this Agreement or the Management Agreement; provided, that the preceding subordination terms of this paragraph shall not be interpreted or construed as a subordination, suspension, termination or release of any compensation due and payable by Borrower to Charter Management Company under the Management Agreement.

3. BORROWER RETAINS DIRECT LIABILITY. Regardless of the use or operation of the Aircraft by the Charter Management Company and/or the performance or non-performance by Charter Management Company of any of its obligations under this Agreement or the Management Agreement, Borrower agrees that Borrower shall have absolute and unconditional direct liability for payment and performance of all obligations, agreements and indemnities of Borrower under the Loan Documents, including, without limitation, the obligation to pay all principal, interest and other amounts due or to become due under the Loan Documents directly to Lender.

4. PERIODIC INFORMATION. Charter Management Company agrees to provide information reasonably requested by Lender from time to time relating to the following in the previous twelve month period: (a) the use, operation or location of the aircraft outside of the United States; (b) the number of charter flights of the Aircraft by Borrower or by any affiliate of Borrower; and (c) the number of charter flights of the Aircraft by parties unrelated to Borrower or any affiliate of Borrower.

5. DEFAULT UNDER LOAN DOCUMENTS. Borrower agrees that any breach of any representation or warranty hereunder or any default or failure to perform any covenant or agreement hereunder by Borrower or Charter Management Company shall constitute an event of default under the Loan Documents.

6. NO SALE, NO LONG-TERM CHARTER, NO LIENS. Charter Management Company shall not, directly or indirectly: (a) assign, sell, transfer, or otherwise dispose of the Aircraft or any part thereof, or (b) enter into a charter contract or other charter arrangement that has a duration of 30 consecutive days or more, or (c) create, grant or assume any security interest in or any other lien or encumbrance on the Aircraft or any part thereof.

7. PART 135 CERTIFICATE. Charter Management Company agrees that it shall maintain at all times, a commercial operating certificate for air taxi or charter operations under Part 135 of the Federal Aviation Regulations (14 C.F.R Ch. 1, Parts 1.1 et. seq.).

8. BINDING ON SUCCESSORS AND ASSIGNS; HEADINGS; COUNTERPARTS. The representations, warranties, agreements and obligations of Borrower and Charter Management Company herein shall be binding upon Borrower and Charter Management Company and their respective successors and assigns, and shall inure to the benefit of Lender and its successors and assigns. Paragraph headings herein are for convenience only and have no independent meaning. This Agreement may be executed in multiple counterparts, all of which when taken together shall constitute a single agreement.

9. Charter Management Company acknowledges that it has received and reviewed a copy of the Loan and Security Agreement dated on or about the date of this Agreement (the "Loan Agreement") between Lender and Borrower and that it is familiar with the obligations of Borrower set forth in Sections 2.1 and 2.2 of the Loan Agreement (collectively, the "Section 2 Obligations"). While the Aircraft is in the control of Charter Management Company (including charter flights of the Aircraft by parties unrelated to Borrower): (a) Charter Management Company agrees to comply with the requirements of the Section 2 Obligations; and (b) notwithstanding anything to the contrary in the Loan Agreement, Lender agrees to accept the performance of the Section 2 Obligations by Charter Management Company on behalf of Borrower.

10. CONSENT. Notwithstanding anything to the contrary in the Loan Documents and subject to the terms and conditions of this Agreement, Lender consents to the use and operation of the Aircraft in the aircraft charter operations of Charter Management Company pursuant to the Management Agreement.

IN WITNESS WHEREOF, the parties hereto have caused their duly authorized representatives to execute and deliver this Agreement as of date first written above.

Borrower:
ASSEMBLY POINT AVIATION, INC.

By: [signature]

Title: CHAIRMAN

Charter Management Company:
RICHMOR AVIATION INC.

By: [signature]

Title: PRESIDENT

Lender:
CHASE EQUIPMENT LEASING INC.

By: ____________________

Title: ____________________