**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ASSEMBLY POINT AVIATION, INC.,**

                                             **Plaintiff,**

                      **v.**                                    **1:13-CV-298**
                                                                      **(FJS/DJS)**

**RICHMOR AVIATION, INC.,**

                                             **Defendant.**
_____

**APPEARANCES**                          **OF COUNSEL**

**WHITEMAN OSTERMAN &**           **JOHN J. HENRY, ESQ.**
**HANNA LLP**                              **ROBERT S. ROSBOROUGH, IV, ESQ.**
One Commerce Plaza
Suite 1900
Albany, New York 12260
Attorneys for Plaintiff

**TABNER, RYAN & KENIRY, LLP**    **WILLIAM RYAN, JR., ESQ.**
18 Corporate Woods Boulevard          **BRIAN M. QUINN, ESQ.**
Albany, New York 12211-2605
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On May 19, 2017, the Court, in a Memorandum-Decision and Order, granted Plaintiff's

motion for a new trial and denied its motion for judgment as a matter of law.  _See_ Dkt. No. 109.

Pending before the Court is Defendant's motion for reconsideration of the Court's Memorandum-

Decision and Order, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Local

Rule 7.1(g), or, alternatively, to amend that Memorandum-Decision and Order to include

certification of an issue to the Second Circuit pursuant to 28 U.S.C. § 1292(b).  *See* Dkt. No.

110.[1]


## II. DISCUSSION[2]

### A.     Motion for reconsideration

Reconsideration "'is an extraordinary remedy to be employed sparingly in the interests of

finality and conservation of scarce judicial resources.'"  *In re Health Mgmt. Sys., Inc. Secs. Litig.*,

113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quoting *Wendy's Int'l, Inc. v. Nu-Cape Construction,

Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996)) (other citations omitted).  "The standard for granting

such a motion is strict, and reconsideration will generally be denied unless the moving party can

point to controlling decisions or data that the court overlooked -- matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX

Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  Generally, there are "'only

three possible grounds upon which motions for reconsideration may be granted; they are (1) an

intervening change in controlling law, (2) the availability of new evidence not previously

available, or (3) the need to correct a clear error of law or prevent manifest injustice.'"  *Gaston v.

Coughlin*, 102 F. Supp. 2d 81, 83 (N.D.N.Y. 2000) (quoting *In re C-TC 9th Ave. P'ship*, 182

B.R. 1, 3 (N.D.N.Y. 1995) (McAvoy, C.J.).

---

[1] Furthermore, in response to Defendant's motion, Plaintiff cross-moved the Court to certify whether it should be granted judgment as a matter of law, "should this Court certify questions of law for an interlocutory appeal to the Second Circuit concerning [Defendant's] account stated defense[.]"  *See* Dkt. No. 113-1 at 13.  However, as discussed below, because the Court denies Defendant's motion, it denies Plaintiff's motion as moot.

[2] The Court presumes the parties' familiarity with the factual and procedural background of this case.

Furthermore, it is well-settled that a motion for reconsideration "'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple[.]"'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  Consequently, a plaintiff "cannot use a motion for reconsideration to advance new facts or arguments and may not submit affidavits or new material." *In re Residential Capital, LLC*, No. 12-12020, 2016 WL 6783316, *3 (Bankr. S.D.N.Y. Nov. 10, 2016) (citations omitted).

The gravamen of Defendant's arguments amounts to merely its disagreement with, and misunderstanding of, the Court's Memorandum-Decision and Order.  For example, Defendant argues that "[t]he holding . . . essentially prevents the account stated defense as a means of indirectly asserting and relying on other intertwined defenses such as those involving waiver, modification, abandonment, laches, and equitable estoppel, among others."  *See* Dkt. No. 110-1 at 9.  To the contrary, the Court recognized that the jury's verdict was founded on the concept "that Plaintiff's claim was barred because a significant amount of time had elapsed between when the SFA contract began and when Plaintiff first asserted its rights to recover."  *See* Dkt. No. 109 at 11 n.2.  Perhaps laches or waiver could have been established at trial; however, the Court did not instruct the jury on those affirmative defenses.  Thus, the Court will not speculate whether the jury would have so found had the Court provided such instructions.

Furthermore, Defendant's explanation that the "the May 19 Order essentially concludes that a jury instruction may never contain a verdict with findings of both the existence of a contract and the existence of an account stated defense" misses the point.  *See* Dkt. No. 110-1 at 10.  Rather than holding that the doctrine of account stated could not serve as an affirmative defense, the Court concluded that it could not serve as an affirmative defense to void the oral

modification of the parties' contract.  That is, after the jury found that the parties orally modified their contracts, the account stated defense could not be used to confirm the contents of the oral modification because no party produced a scintilla of evidence showing that the parties intended the monthly invoices to include payments for the unused flight hours.  *See* Dkt. No. 109 at 10.

The Court has considered Defendant's other arguments and finds that Defendant has failed to point to a single error in the Court's analysis but rather merely reiterates arguments that it raised in its previous motion, which the Court rejected.  Therefore, the Court denies its motion for reconsideration.[3]

**B.    Motion to certify the Court's May 19, 2017 Memorandum-Decision and Order for an interlocutory appeal to the Second Circuit**

Pursuant to 28 U.S.C. § 1292(b), a court may certify its order for interlocutory review when (1) "such order involves a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and [(3) where] an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  28 U.S.C. § 1292(b).  "[T]he certification decision is entirely a matter of discretion for the district court[.]"  *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 36 (2d Cir. 2014).

As explained above, Defendant has failed to point to any substantive error in the Court's analysis.  Accordingly, the Court denies Defendant's motion to certify its May 19, 2017 Memorandum-Decision and Order for an interlocutory appeal to the Second Circuit Court of Appeals.

---

[3] Defendant, however, is partially correct that its arguments could have formed the basis for other alternative defenses, *i.e.*, waiver and laches.  To the extent that Defendant wishes, it may attempt to argue these defenses at the upcoming trial.

### III. CONCLUSION

Having reviewed the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for reconsideration, *see* Dkt. No. 110-1, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion to certify the Court's May 19, 2017 Memorandum-Decision and Order for an interlocutory appeal to the Second Circuit Court of Appeals, *see id.*, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's cross-motion, *see* Dkt. No. 113-1, is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: July 27, 2017
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge